WALLER, Chief Justice,
dissenting:
¶ 24. I concur with Justice Randolph that we should not consider the plaintiffs’ argument regarding Article 8, Section 206, of the Mississippi Constitution, as this issue was neither timely presented to nor addressed by the trial court. I further disagree with the majority’s interpretation of Article 8, Section 206, of the Mississippi Constitution. I do not believe that Section 19-9-171 of the Mississippi Code conflicts with Article 8, Section 206. I respectfully dissent.
¶ 25. Legislative enactments carry a strong presumption of validity; all doubts must be resolved in favor of the statute’s *608 constitutionality. Loden v. Miss. Pub. Serv. Comm’n, 279 So.2d 636, 640 (Miss. 1973). And, “[i]f possible, courts should construe statutes so as to render them constitutional rather than unconstitutional if the statute under attack does not clearly and apparently conflict with organic law....” Id. (citing Bd. of Educ. v. State Educ. Fin. Comm’n, 243 Miss. 782, 138 So.2d 912 (1962)). Section 19-9-171 can and should be construed as constitutional.
¶ 26. I agree that Section 206 of the Mississippi Constitution grants a school district the right to levy additional taxes “to maintain its schools.” But that right is not unfettered; the school district may levy such taxes only “as prescribed by general law,” i.e., as authorized under general law. Section 206, in other words, provides that a school district’s authority to levy additional taxes for its schools remains subject to the general law or Legislative prerogative. The Legislature has plenary power over all matters concerning taxation. See e.g., City of Belmont v. Miss. State Tax Comm’n, 860 So.2d 289, 307 (Miss.2003); McCullen v. State, 217 Miss. 256, 63 So.2d 856, 862 (1953); Adams v. Kuykendall, 83 Miss. 571, 35 So. 830, 835 (1903). Moreover, the Constitution requires that “[t]he Legislature shall, by general law, provide for the establishment, maintenance and support of free public schools upon such conditions and limitations as the Legislature may prescribe.” Miss. Const, art. 8, § 201. The “as-prescribed-by-general-law”' caveat in Section 206 affirms that ultimate authority rests with the Legislature; county and separate school districts may levy additional taxes to maintain their schools but only to the extent that the general law permits them to do so.
¶27. Here, the Legislature enacted a general law — Section 19-9-171 — that limits the Pascagoula School District’s (PSD) right to levy certain additional taxes to maintain its schools. Under Section 206, the PSD’s rights must give way to limitations set forth in Section 19-9-171.
¶ 28. Because Section 19-9-171’s constitutionally under Article 8, Section 206, is not properly before us, and because the statute passes muster under that provision regardless, I respectfully dissent.
RANDOLPH and CHANDLER, JJ., JOIN THIS OPINION IN PART.